PHILIP H. WOOLSEY, RESPONDENT, *v.* MIDAD T. MORSS, APPELLANT.

*Adverse possession — occupancy for forty years raises a presumption of ouster of a co-tenant.*

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The action was for trespass in entering upon land of the plaintiff. The court, at General Term, after holding that plaintiff's title to the lot, about 13½ acres, was established by adverse possession, said:

"Upon the other branch of the case, the defendant's position is not maintainable. He claims to be the grantee from one of the heirs-at-law of the 13½ acres of the 1-108th part thereof, or about one-twelfth of an acre of land, and that he is thus a tenant in common with plaintiff, and has an equal right to the possession.

" But, since 1834 at least, the plaintiff, and those under whom he claims, have been in the entire and exclusive possession of those premises. They have cultivated the same, and received the rents and profits for all that time. From time to time conveyances have been made purporting to convey the entire lot, and possession has been taken and held under and by virtue of such deeds. No one, so far as appears, has ever questioned the rights of those in possession, or demanded to be let into possession, or asserted any right to the property or its possession. After so great a lapse of time — over forty years — a jury might properly find an actual ouster. (*Doe ex dem. Fishar* v. *Prosser*, Cowp., 217.) Says Justice ASTON : ' What is adverse possession or ouster if the uninterrupted receipts of the rents and profits, without account for forty years, is not ? ' WILLIS, J., says : "After a peaceable possession for such a length of time, I think it would be dangerous now to admit a claim to defeat such possession.' ASHURST, J., says : 'After so long an acquiescence, I think the jury were well warranted to presume anything in support of the defendant's title, and they might presume either an actual ouster or a conveyance.' In *Frederick* v. *Gray* (10 Ser. & Rawle, 182, 188), TILGHMAN, Ch. J., says : " Where one tenant in common enters on the whole, and takes the profits of the whole, and claims the whole exclusively for twenty-one years, the jury ought to presume an actual ouster, though none be proved.' (See also *McHaffy* v. *Dobbs*, 9 Watts, 363 ; *Law* v. *Patterson*, 1 Watts & Serg., 184 ; *Bolton* v. *Hamilton*, 2 id., 294 ; *Clapp* v. *Bromagham*, 9 Cow., 530 ; *Jackson ex dem. Bradt* v. *Whitbeck*, 6 id., 632; *Butler* v. *Phelps*, 17 Wend., 642 ; *Florence* v. *Hopkins*, 46 N. Y., 182 ; *Calhoun* v. *Cook*, 9 Penn. St., 226.)

" The learned judge was, therefore, justified, and, in the language of one of the cases, it was his duty to find an ouster and an adverse possession barring defendant's claim."

*W. J. Gros*, for the appellant. *Benjamin Reynolds*, for the respondent.

Opinion by BOARDMAN, J.

BOCKES, J., concurred ; LEARNED, P. J., taking no part.

Judgment affirmed, with costs.